# DECEMBER, 1912.

## ANSLEY REALTY COMPANY v. POPE & SMITH.

### No. 2260.    Decided December 4, 1912.

**Land Agent—Sale.**

A contract in writing by which the owners of lands gave to another the exclusive right of selling them for ninety days, undertaking to convey to purchasers he might obtain in that time, and allowing him any excess over a price named, he agreeing to purchase at such price, at the end of that time, any of the lands remaining unsold, was a contract, not of agency, but of sale, upon which either party could enforce specific performance. One who, having been authorized by the owners to sell such lands for a commission at the price named, procured for them the purchaser with whom they concluded such a contract, was entitled to the commission promised by the owners for making sale of the land.

Error to the Court of Civil Appeals for the Second District, in an appeal from Donley County.

The Ansley Realty Co. sued Pope & Smith and had judgment which was reversed and remanded on defendant's appeal. Appellees obtained writ of error on the ground of conflicting rulings and of a dissenting opinion.

*H. B. White, W. B. Chauncey,* and *Gregory, Batts & Brooks,* for plaintiff in error.—The Court of Civil Appeals erred in holding that the contract sued upon, under all the circumstances of the case, was a contract of appointive agency, and not a contract of sale. McDonald v. Cabiness, 98 S. W., 943, 102 S. W., 121.

*Stephens & Miller* and *A. T. Cole,* for defendants in error.—It seems well settled that where one person grants to another power to sell his land at a net price to the owner, with a provision that the excess over such net price shall be the remuneration of the person who sells, the contract is one of agency and not of sale, and the one who enters into such contract with the owner is his agent and not a purchaser. Winders v. Hill, 141 N. C., 694; Farnum v. Clarke, 148 Cal., 610; Manning v. Ayres, 77 Fed., 690.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

Plaintiff in Error, hereafter called the Realty Company, sued J. B. Pope and A. M. Smith, hereinafter called defendants, in the District Court of Donley County seeking to recover commissions upon certain lands sold by defendants to the Monarch Land and Loan Company who were procured as purchasers by plaintiff under a contract with defendants for the sale of the land. The facts were not stated by Judge Dunklin, as provided for by Article 1639 of the Revised Civil Statutes of 1911; but we will be able to decide the case upon the record.

At a date prior to the 14th day of August, 1907, by oral contract defendants employed the realty company to sell eight sections of land situated in Moore County, four sections of patented land and four sections of school land, in the aggregate 5,120 acres, at the price of $8.00 per acre for the patented land and $7.50 per acre for the school land; the compensation to be 5% on the gross sales.

The Monarch Land and Loan Company were engaged in the town of Amarillo in buying and selling land and had an agent in Moore County who learned of the fact that the Ansley Realty Company had the agency to sell the land in question and through its agent, McFarland, the Monarch Company and the Realty Company were brought into contact and the sale of the land and the terms thereof were discussed, and the agent of the Monarch Company concluded to buy the land, but did not close the trade but went to Pope and Smith to try for better terms. The price was satisfactory. The purchasing agent of the Monarch Company told Pope and Smith of their having applied to plaintiff to purchase and what had occurred. After their consultation this contract was entered into:

"The State of Texas,
County of Donley.

"This contract made and entered into by and between A. M. Smith and J. B. Pope, of Donley County, Texas, as parties of the first part, and the Monarch Land & Loan Co., of Amarillo, Texas, as parties of the second part. Witnesseth, that the parties of the first part herein give to the parties of the second part, the exclusive sale of the following described land to-wit: Sections 302, 303, 304, 327, 328, 329, 330, 345, block 44, Moore County, Texas, for ninety days from the twenty-first day of August, providing a sale now pending is not closed on or before that date. The price agreed upon and for which the parties of the first part agree to sell, is $8.00 per acre, straight through, school and patented, and parties of the first part further agree to deed any or all of the above described land, not less than 160 acres in one deed, to the Monarch Land & Loan Co. or any person or persons they may sell to for whatever price the said Monarch Land & Loan Co. may sell for, and all excess above the aforesaid price shall be retained by the party of the second part as their commission. The terms shall be forty per cent cash payment, the balance one and two and three years at 8 per cent interest. The deferred payments shall be evidenced by vendor lien notes on the above described land. The party of the first part further agrees to furnish each purchaser with a warrantee deed and abstract showing good and perfect title. The parties of the second part agree to sell all of the eight sections as per contract, but should there be any remaining after the expiration of the time specified, then the parties of the second part further agree to buy the same themselves. Signed in duplicate this 14th day of August, 1907.

> (Seal)  A. M. Smith.
> (Seal)  J. B. Pope.
> (Seal)  Monarch Land & Loan Co.
> (Seal)  S. F. Hiatt, Pres."

Upon the back of the contract was endorsed the following:

"The terms of the contract on the reverse side hereof are hereby extended as to time to and including January 21, 1908, and it is expressly agreed that all supposed claims or claims of either party hereto growing out of any supposed breach or breach of said contract by either party up to this date are hereby waived. Witness our hands at Clarendon, Texas, this 18th day of November, 1907.

> "Monarch Land & Loan Co.,
> "By S. F. Hiatt, President.
> "A. M. Smith.
> "J. B. Pope."

The Monarch Company sold all of the land except one tract which was deeded to it by Smith and Pope. Plaintiff alleged that Smith and Pope had employed it to sell the same land at $8.00 per acre and that it secured the Monarch Company as purchaser for all of the said land at the price named and that the said Monarch Company did purchase from defendants all of the land at $8.00 per acre. The defendants claimed that the transaction between them and the Monarch Company was not a sale but an employment of the Monarch Company as agent to sell the same land.

These propositions are essential to the right of plaintiff to recover: (1) That Smith & Pope sold the land to the Monarch Company. (2) That the Monarch Company was procured by the Realty Company as purchaser of the land.

Counsel for defendants in error state the issues correctly thus: "Everybody conceded that there was a trade consummated between Pope and Smith and the Monarch Land & Loan Company on the 14th of August, 1907, just as Dan Ansley stated. The controverted question was as to whether this trade was one for the sale of the land or for the exclusive agency for its sale. If the former, the plaintiffs were entitled to win; if the latter, the defendants were entitled to win." Whether the transaction was a sale or the creation of an agency must, in this case, be determined by the terms of the contract itself. The character of the instrument can best be determined by ascertaining the remedy to which each party would be entitled in case of refusal of the other to comply. If it was an executory contract of sale of the land by Pope and Smith to the Monarch Company, either party could enforce specific performance of it. If it were an employment of the Monarch Company as agent to sell the land, then specific performance could not be had. Chinnock v. Sainsbury, 30 L. J. (N. S.) 409. To apply this test we will assume that the Monarch Company declined to sell any of the land as agent, electing to receive a deed for the whole at eight dollars per acre, but Pope and Smith refused to convey. The contract contains this language: "And parties of the first part further agree to deed any or all of the above described land, not less than 160 acres in one deed to the Monarch Land & Loan Company, or any person or persons they may sell to for whatever price the said Monarch Land & Loan Co. may sell for." Upon compliance with the terms of

the agreement, that is, payment of forty per cent cash and executing notes for the remainder as prescribed, the Monarch Company could have maintained an action for specific performance of the contract. But to give the instrument the character of a sale, the right to specific performance must be mutual. Waterman on Specific Performance, pp. 260-261; Pomeroy on Specific Performance, page 6, from which we quote, as follows: "The right to a specific performance, if it exists at all, is, and necessarily must be, mutual; in other words, it is and must be held, and be capable of being enjoyed alike by both parties in every agreement to which the jurisdiction extends." By the terms quoted the Monarch Company could have demanded the conveyance to it of all of the land. In the same contract this language occurs: "The parties of the second part agree to sell all of the eight sections as per contract, but should there be any remaining after the expiration of the time specified, then the parties of the second part further agree to buy the same themselves." This gave to Pope and Smith the right at the end of the time limiting sale to have specific performance of the contract by conveying all of the land unsold to the Monarch Company at the price of eight dollars per acre. The mutual right of specific performance by conveyance and payment was secured by the terms of the instrument, that is, each had the right upon performance of his or its agreement to compel performance by the other party.

The plain meaning of the instrument is that Pope and Smith sold to the Monarch Company the eight sections of land at eight dollars per acre with the option to have the land conveyed to it direct at once or to sell to others within ninety days at a price to be fixed by it and to have the deeds made to its vendees instead of to the Monarch Company, but at the expiration of ninety days the Monarch Company was bound to accept a conveyance from Pope & Smith of all unsold land and to pay therefor as specified. There was no contingency upon which the Monarch Company could decline to accept conveyance to its vendees or to itself. This, as a matter of law, constitutes a sale of the land and not the creation of an agency to sell, for if it were a contract of agency it could not be specifically enforced by either party against the other. Pomeroy Specific Performance, Section 48; Chinnock v. Sainsbury, 30 L. J. (N. S.) Ch., 409. If it had been an agency a breach might have given a right of action for damages but not for specific performance.

Under the charge given by the court before the jury could find for plaintiff they were required to find that the transaction was a sale by defendants to the Monarch Company, that the plaintiff as agent of defendant procured the purchaser and that the sale to the Monarch Company resulted from the service of the plaintiff in error. The jury found for the plaintiff, therefore, we must accept the verdict as a finding of the facts necessary under the charge to sustain it. The Court of Civil Appeals reversed the judgment of the District Court and remanded the case, Mr. Justice Dunklin dissenting. The Court of Civil Appeals stated the ground of reversal thus: "There was error which will require a reversal of the judgment in permitting Ben T. Ansley, one of the plaintiffs, to testify that his firm sold the

land in controversy to the Monarch Land & Loan Company about the 14th day of August, 1907, such testimony being a conclusion of the witness upon one of the vital issues in the case to be determined by the jury.''

We are of opinion that this ruling, if error, was harmless because that issue was not submitted to the jury and it did not affect the right of recovery, because the plaintiff furnished the purchaser who was accepted by Pope and Smith, and conveyance made. Admitting that the Ansley Realty Company did not sell to the Monarch Company, having furnished the purchaser who was accepted, the Realty Company was entitled to recover.

It is ordered that the judgment of the Court of Civil Appeals be reversed and that the judgment of the District Court be affirmed.

*Reversed and judgment of District Court Affirmed.*