**Agapito E. GARCIA, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 9293.

Court of Appeals of Texas, Amarillo.

Oct. 7, 1981.

Rehearing Denied Oct. 28, 1981.

Mark Smith & Associates, Mark Smith, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for appellee.

Before REYNOLDS, C. J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

Agapito E. Garcia brings this appeal from a take-nothing judgment, rendered on a jury verdict, in his action to recover workers' compensation benefits from Texas Employers' Insurance Association. Forgoing a claim for specific injury, Garcia was unsuccessful in persuading the jury that the injury to his hand and arm extended to and affected his shoulder. No reversible error being demonstrated, we affirm.

Garcia was employed by the Plainview Co-op Compress in Hale County at the time of the 20 December 1977 injury giving rise to this litigation.[1] His left hand and arm were caught in a press he was operating. Surgery was performed on Garcia's left hand and he was referred to Dr. Lewis, who released him on 31 July 1978.

In the fall of 1978, Garcia worked for the North Gin of Dimmitt and for La Mantillo-Cullem-Collier and Company, a vegetable warehouse; in December of 1978, he worked for Concho Facundo in Laredo; and in the first quarter of 1979, he again worked for the North Gin in Dimmitt. The reasons for Garcia's cessation of work for the first three employers are unrecorded,

---

1. This cause was filed in Hale County as Texas Employers' Insurance Association's appeal from a $5,341.77 award made to Garcia by the Industrial Accident Board. Venue was contested and fixed in Hale County by a final venue order. Thereafter and for mootness, we overruled Garcia's motions for an extension of time to file an appellate record, the preparation of which he was seeking by writ of mandamus for an appeal from the overruling of his plea in abatement and motion to transfer the cause to Hidalgo County. *Garcia v. Texas Emp. Ins. Ass'n,* Motions Nos. 13,255 & 13,256 (Tex.Civ. App.—Amarillo, Feb. 7, 1980). Subsequently, there was affirmed the dismissal, for lack of jurisdiction, of the purported appeal Garcia prematurely filed in Hidalgo County some four months before the Board made its award. *Garcia v. Texas Emp. Ins. Ass'n,* 597 S.W.2d 519 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n. r. e.).

but his last employment at the gin was terminated because, in Garcia's words, "They had enough people." From the latter part of 1979 until 18 February 1980, Garcia worked at the Tres Gin in Sudan. According to his supervisor, Garcia manned the gin suction, hooked up the pallet modules and drove tractors without any visible problems. His employment was terminated when he failed to report for work. Garcia's tax returns and testimony revealed that he earned more money in the two years after his injury than he did in the two years before his injury.

Garcia stated that, although he tried to work, he was unable to do so because of the condition of his hand and shoulder. He felt sick, saw a doctor, and was referred to Dr. Lewis, who again performed hand surgery on 26 February 1980. Dr. Lewis noted Garcia's complaints of soreness and tightness in the shoulder. A month later, the doctor's notation shows a marked loss of motion in Garcia's shoulder accompanied by pain, a condition which, according to the doctor's 30 May 1980 letter, "is due to his inability to follow exercise instructions," and which, as the doctor stated on 2 June 1980, developed during the period of treatment of his hand, and "is more or less at a standstill."

It was Garcia's testimony that after his injury, he was given light work to do at the places of his employment. He stopped working because he needed the other operation and, at the time of trial, he said that he is not able to work. A graduate student specializing in archonomics testified, in response to a hypothetical question based on partial medical records relating to Garcia, that she would not recommend such a man be employed to do the usual and ordinary tasks of a workman.

As the cause was postured for trial before a jury on 14 July 1980,[2] Garcia sought no recovery for a specific injury and, without objection, that matter was omitted from the charge of the court. Instead, the issue was whether, as Garcia reiterates in his brief, the injury to his hand and arm extended to and affected his shoulder. In brief, Garcia elected to recover for a general injury or none at all.

By its answers corresponding to the numbered special issues, the jury found that (1) Garcia received an injury on or about 20 December 1977 (2) in the course of his employment; the jury failed to find that (7) such injury extended to and affected his shoulder; and the jury further found that (8) such injury was confined to his hand or arm below the shoulder. The jury did not answer the other issues inquiring whether the injury was a producing cause of any total or partial incapacity and, if so, the duration thereof, nor the issues concerning average weekly earning capacity or wage, nor the issue relative to lump sum payment. There being no objection to the verdict, the court received it and rendered a take-nothing judgment.

Appealing, Garcia initially charges the trial court with reversible error in overruling his second motion for continuance on the day of the trial. We perceive no reversible error.

Three days prior to the trial date, Garcia filed his second motion for continuance. The ground stated was the lack of Dr. Lewis' testimony, it being alleged that the taking of his deposition scheduled for 10 July 1980 was prevented by surgery and that Dr. Lewis would be absent from town during the week of the trial. A supplemental motion was filed on the day of the trial in which it was alleged that the testimony of two other doctors was unavailable, one doctor being on vacation and the other not available for deposition. Contrary to the dictates of Rules 251 and 252, Texas Rules of Civil Procedure, neither motion was sworn to and neither stated that the motion was not for delay. Moreover, other than showing the scheduling of the cancelled deposition, neither motion reveals any diligence in attempting to procure the testimony, the facts expected to be proved by the

2. When the cause earlier was called for trial on 15 October 1979, Garcia failed to appear, and the court proceeded to judgment, decreeing that Garcia recover $1,625; however, the court later granted Garcia's motion for new trial.

testimony, nor the materiality of any testimony that was not available, and actually produced, at the trial. In addition, the court previously had granted Garcia a continuance on 4 April 1979, more than a year prior to the trial date, on a ground that discovery was not then complete.

■ The question whether a continuance is to be granted or denied rests within the sound discretion of the trial judge in the light of the facts before him. *Hernandez v. Heldenfels*, 374 S.W.2d 196, 202 (Tex.1963). The court's decision will be reversed on appeal only upon a showing of abuse of discretion. *In re Guardianship of Dahl*, 590 S.W.2d 191, 194 (Tex.Civ.App.—Amarillo 1979, writ ref'd n. r. e.). And where the application for continuance does not conform to the provisions of the rules, it will be presumed that the court has not abused its discretion. *Gulf, C. & S.F. Ry. Co. v. Brooks*, 63 Tex.Civ.App. 231, 132 S.W. 95, 97 (1910, writ ref'd); *Watson v. Godwin*, 425 S.W.2d 424, 430 (Tex.Civ.App.—Amarillo 1968, writ ref'd n. r. e.). This is especially so where the trial court previously has granted a motion for continuance on the identical grounds that discovery was not complete. *Zale Corporation v. Rosenbaum*, 517 S.W.2d 440, 444–45 (Tex.Civ.App.—El Paso 1974), *rev'd on other grounds*, 520 S.W.2d 889 (Tex.1975). Under the circumstances shown, the trial court cannot be charged with an abuse of discretion in overruling the second motion for continuance.

■ Following the jury trial, there came before the court Garcia's unverified motion, which was filed before trial, to quash the civil jury panels in Hale County on the ground they are discriminatory. Notwithstanding that Garcia had waived his motion,[3] the court heard and overruled

it. Garcia utilizes his second, third and fourth points of error to complain of the court's action respecting the motion.

■ We are not able to entertain Garcia's second point by which he complains that the court refused to hear his motion before the trial on the merits. Aside from Garcia's failure to present the motion for the court's action prior to trial as mentioned in marginal note 3, his point is neither briefed nor argued in his brief as required specifically by the briefing rules. Tex.R. Civ.P. 418(e). Therefore, the second point is waived. *Gerstner v. Wilhelm*, 584 S.W.2d 955, 958 (Tex.Civ.App.—Austin 1979, writ dism'd).

Next, Garcia contends the court reversibly erred in overruling his motion to quash because, as we understand the tenor of his argument, he was denied a constitutionally representative jury in that the percentage of Mexican-Americans on the jury panels is far lower than the percentage of Mexican-Americans in Hale County who are eligible to serve as jurors. We, like the trial court, are not persuaded that Garcia established the prima facie fact of discrimination he undertook to prove.

■ The jury panels in Hale County are selected from voter registration lists by use of the jury wheel, a selection system constitutionally sanctioned unless it systematically and arbitrarily excludes a cognizable class from jury service. *United States v. Arlt*, 567 F.2d 1295, 1297 (5th Cir.), *cert. denied*, 436 U.S. 911, 98 S.Ct. 2250, 56 L.Ed.2d 412 (1978). Garcia neither alleged nor attempted to prove that any official responsible for either the composition of the jury wheel or the selection of potential jurors therefrom discriminated in any manner

---

**3.** Procedurally, before the court is required to hear a motion challenging the array, the motion must be verified by affidavit. Tex.R.Civ.P. 221. Furthermore, Garcia's unverified motion partakes of a nonjurisdictional plea in abatement which, pursuant to Rule 175, must be urged before the trial on the merits; otherwise, it is waived. *Continental Contractors, Inc. v. Thorup*, 578 S.W.2d 864, 866 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ), and cases there cited. There is no contention, much less a

showing, that a hearing on the motion was requested before the trial of the cause; indeed, the record before us evinces that Garcia proceeded to trial without directing the court's attention to his pending motion. The language of Rule 175 imposes on the party relying upon a dilatory plea a duty to demand action by the court thereon at the time the rule requires action by the court, and his failure to do so is a waiver of the plea. *Aldridge v. Webb*, 92 Tex. 122, 46 S.W. 224, 225–26 (1898).

against Mexican-Americans. Instead, Garcia produced a Hale County resident who testified, partially from hearsay, that from reading newspaper accounts and viewing the latest voter registration list, he would say that between twenty-two and twenty-five percent of the registered voters in Hale County are of Mexican extract.[4] According to Garcia's own calculation, Mexican-Americans comprised 14.4% of the jury panel used to select the jury in this cause, although there is a record reference that the panel as originally prepared contained the names of several Hispanic people who did not report for jury service.

While one is not constitutionally entitled to demand a jury containing either members of his race or a proportionate number thereof, the purposeful exclusion of all members of a cognizable class, solely because of their race, is a denial of the equal protection of the law. However, purposeful discrimination may not be assumed or merely asserted; it must be proved. *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965).

Crediting Garcia's proof at full value, it does not make out a prima facie case that he was denied a constitutionally representative jury. At most, the proof shows a 7.6% to 10.6% underrepresentation of Mexi-

can-Americans on the panel from which the jury was chosen. Purposeful discrimination based on race alone is not satisfactorily proved by showing, as here, that an identifiable group in a community is underrepresented on the jury panel by as much as ten percent.[5] *Swain v. Alabama, supra,* 380 U.S. at 208–09, 85 S.Ct. at 829–30.

Finally, Garcia contends the court erred in overruling his motion to quash because defendants such as T.E.I.A. in this cause purposely and systematically strike all Mexican-Americans from juries when the plaintiff is of Mexican heritage or culture. This premise for the fourth-point contention was not pleaded as a ground for Garcia's motion; it is premised only on testimony to that effect by his counsel.

The testimony that T.E.I.A. purposely and systematically peremptorily strikes all Mexican-Americans from jury panels is belied by the record in this cause, which shows that one person with a Mexican surname served on the jury. Moreover, the testimony, standing alone, is an insufficient basis for the denial of the right, guaranteed by law, to peremptorily eliminate members of the panel for any reason that seems adequate to counsel in seeking a fair and impartial jury. *Tamburello v. Welch*, 392 S.W.2d 114, 117 (Tex.1965); *Swain v. Ala-*

4. In addition, Garcia's counsel qualified himself as a demographer who, as a professed expert in correlating the school census with the Federal census, could say definitely that the Mexican-Americans number more than forty percent of the adult population in Hale County in July, 1980. As a post-submission addendum to his brief, Garcia submitted an instrument designated as the 1980, but certified as the 1970, census pertaining to Hale County and showing that 33.73% of the total population of that county is of Spanish origin. The document, being neither offered in evidence nor otherwise presented to the trial court, cannot be considered either as a part of the brief, *Joiner v. Federal Deposit Insurance Corporation*, 488 S.W.2d 953, 954 (Tex.Civ.App.—Amarillo 1972, no writ), or as a proper part of the appellate record. *Zodiac Corp. v. General Elec. Credit Corp.*, 566 S.W.2d 341, 347 (Tex.Civ.App.—Tyler 1978, no writ). *Accord, Davis v. Huey*, 571 S.W.2d 859, 862, n.2 (Tex.1978). But, in any event, a prima facie case of discrimination cannot rest merely on statistics. The fact that an identifiable minority group votes in a propor-

tion lower than the rest of the population, thereby being underrepresented on jury panels, presents no constitutional issue. *United States v. Lopez*, 588 F.2d 450, 452 (5th Cir.), *cert. denied*, 442 U.S. 947, 99 S.Ct. 2895, 61 L.Ed.2d 319 (1979).

5. The lack of proof of invidious discrimination based on race alone is not altered by Garcia's tender of eight other jury lists, sans official authentication, which he selected from the years 1977 through 1980 to represent a zero to 10.9 percentage of Spanish surnames appearing thereon. The lists negate Garcia's assertion of the systematic exclusion of Mexican-Americans from jury lists. Moreover, the lists do not prove that the selection procedure is not racially neutral or susceptible to being used as a tool of discrimination, one element of proof required to establish a prima facie case of discrimination. *See United States v. Lopez*, 588 F.2d 450, 451 (5th Cir.), *cert. denied*, 442 U.S. 947, 99 S.Ct. 2895, 61 L.Ed.2d 319 (1979).

*bama, supra,* 380 U.S. at 222, 85 S.Ct. at 837. The motion to quash was properly overruled.

By two points, his sixth and seventh, grouped for discussion, Garcia assigns reversible error to the admission and exclusion of certain evidentiary matters. No reversible error appears from the assignment.

■ One matter, a written certification of the Texas Employment Commission's records reflecting wages paid to Garcia by his employers from the date of his injury to the date of trial, was admitted under authority of Texas Revised Civil Statutes Annotated art. 3731a (Vernon Supp.1980–1981)[6] and over Garcia's objections. The objections voiced to the trial court were that the certificate is "not an exception to the hearsay rule," T.E.I.A. "failed to qualify them under 3737e,"[7] and "no predicate."

In the first instance, it is not error to admit an instrument authorized to be used as evidence by article 3731a over an objection that it is hearsay. *Rio Grande Oil Co. v. State,* 539 S.W.2d 917, 923 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.). Second, the objection that the offeror had not complied with article 3737e discloses no reason to bar the admission of a record under authority of article 3731a; consequently, there was no error in admitting the certification over an inapt objection. *Adamson v. Burgle,* 186 S.W.2d 388, 395–96 (Tex.Civ.App.—San Antonio 1945, writ ref'd w.o.m.). Third, the objection "no predicate" made to the offer was a general objection, *Plyler v. City of Pearland,* 489 S.W.2d 459, 461 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.), which, by failing to point out specifically the portion of the instrument objected to, was properly overruled. *Brown & Root v. Haddad,* 142 Tex. 624, 180 S.W.2d 339, 341 (1944). And fourth, Garcia testified without objection to the same facts contained in the certificate, thereby rendering unavailable his objections to the evidence. *Rowe v. Liles,* 226 S.W.2d 253, 256 (Tex.Civ.App.—Waco 1950, writ ref'd).

Another item of evidence excluded upon the objection of T.E.I.A., so Garcia argues without any reference to where the matter is of record, was a recommendation made by Dr. Lewis. Without a compliance with the briefing rules to show where the complaint is recorded, the argument presents nothing for review, for we have no duty to independently search the record in an attempt to determine whether the complaint has merit. *Crisp v. Southwest Bancshares Leasing Co.,* 586 S.W.2d 610, 614 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.).

■ Also challenged are two other items of testimony adduced on cross-examination from the claims adjuster in charge of Garcia's file, a witness called and examined by Garcia. The first item, embracing out-of-court statements made and received by the adjuster, was objected to on the ground of hearsay. However, the record displays that the testimony was offered, not to prove the truth of the statements but to show the knowledge and belief upon which the adjuster declined to answer a letter from Garcia's counsel, a matter Garcia inquired into on direct examination. In this light, the hearsay objection was inapplicable. 1A R. Ray, Texas Law of Evidence, § 781, § 798 (Texas Practice 3d ed. 1980).

■ The second item of testimony was the adjuster's explanation of the determination of compensation payments made to Garcia, another matter inquired into by Garcia on direct examination. As postured, the testimony was not vulnerable to the

6. "Any written instrument, certificate, record, part of record ... made by an officer of this State or of any governmental subdivision thereof, or by his deputy, or person or employee under his supervision, in the performance of the functions of his office and employment, shall be, so far as relevant, admitted in the courts of this State as evidence of the matter stated therein ...."

7. This article provides that a business memorandum or record shall, insofar as relevant, be competent evidence upon proof of certain conditions. Tex.Rev.Civ.Stat.Ann. art. 3737e (Vernon Supp.1980–1981).

incorrect objection that the adjuster was expressing an opinion on the law of compensation. *Adamson v. Burgle, supra*, at 395–96. Furthermore, because no issue on compensation payments was submitted to the jury, the admission of the testimony was harmless. *Ansley Realty Co. v. Pope*, 105 Tex. 440, 151 S.W. 525, 527 (1912).[8]

Garcia utilizes his eighth, ninth and tenth points to attack the evidential basis for the take-nothing judgment; however, he has only briefed and argued the proposition that the jury's failure to find his specific injury extended to his shoulder and produced some degree of incapacity is against the great weight and preponderance of the evidence. The attack is not well mounted.

Garcia does not question the correctness of the jury's finding to special issue no. 8 that his injury was confined to his hand or arm below the shoulder. Consequently, the conclusiveness of this unchallenged finding binds both Garcia and the courts to the fact. *Adams v. American Quarter Horse Ass'n*, 583 S.W.2d 828, 833 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.).

■ Aside from that, the force of the evidence selected by Garcia does not support his attack on the jury's negative answer. He first points to his testimony "that after his injury he was off work for considerable periods of time as a result of pain incurred from the injury," and then recites Dr. Lewis' report of his shoulder pains. It is a settled principle that the showing of pain alone does not make a specific injury a general one, and will not support a finding of general incapacity. *Texas Employers' Insurance Association v. Shannon*, 462 S.W.2d 559, 562 (Tex. 1970).

■ Further referring to Dr. Lewis' report, Garcia recites and relies on the portion stating that Garcia's "basic problem stems from the stiffness in the shoulder that has developed during the period of treatment of the hand." This evidence neither compelled

the jury to find, nor vitiates their failure to find, a general injury, because the jury also heard the same doctor's report that the loss of motion and presence of pain in the shoulder "is due to his inability to follow exercise instructions." Nor is the status of this evidence bearing on general injury altered by the graduate student's appraisal of Garcia's incapacity to labor. A plaintiff does not establish an entitlement to judgment for general incapacity by merely showing that a specific injury has affected the body generally and thereby caused incapacity; he must go further and obtain a finding that his incapacity was caused by an extension of the injury to some part of the body other than a specific member. *Travelers Insurance Company v. Marmolejo*, 383 S.W.2d 380, 382 (Tex. 1964). Garcia simply failed to persuade the jury to so find.

■ Despite Garcia's limited selection of the evidence, we have considered all of the evidence under the *Traylor v. Goulding*, 497 S.W.2d 944, 945 (Tex. 1973), standard for evidential review. Having done so, we cannot say that the jury's failure to find an extension of the specific injury is so against the great weight and preponderance of the evidence as to be manifestly unjust.

■ As his fifth contention, Garcia submits that because the jury found he sustained an injury, he was the successful party and, therefore, it was error to tax costs against him. The exact contention was presented and rejected in *Lovato v. Ranger Ins. Co.*, 597 S.W.2d 34, 37 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.), a holding to which we adhere.

Garcia has not demonstrated a reason to disturb the court's take-nothing judgment. All of his points of error are overruled.

The judgment is affirmed.

---

8. The failure by Garcia to demonstrate that any complained of admission or exclusion of evidence was error, each allegation of which he acknowledges may be insignificant, destroys his premise, which was neither argued nor briefed, that together they constitute cumulative error as a ground for a new trial. *In re Guardianship of Dahl*, 590 S.W.2d 191, 199 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.).