**Dorothy McGEE and Marshall McGee, Relators,**

v.

**Glenda McGee PONTHIEU, Respondent.**

**No. 07–82–0210–CV.**

Court of Appeals of Texas, Amarillo.

May 28, 1982.

McClendon & Richards, Jack McClendon, Cynthia L. Nichols, Lubbock, for appellants.

Gerald Anderson, Lubbock, for appellee.

Before REYNOLDS, C. J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

In this original proceeding, we granted the motion of relators Dorothy McGee and Marshall McGee for leave to file their original petition for suspension of the trial court's judgment rendered in a cause affecting the parent-child relationship. Pursuant to relators' plea of immediacy of need, we have given direct consideration to the ex parte presentation.

The submitted petition and accompanying instruments reveal that the paternal grandparents were the managing conservators of the male child born during the former marriage of relator Marshall McGee and respondent Glenda McGee Ponthieu. Following hearings held on respondent's application for readjudication of conservatorship, the trial court rendered judgment appointing respondent the managing conservator, and appointing relator Marshall McGee the possessory conservator, of the child, who was to be delivered into the possession of his mother on a date fixed.

Two days before respondent was to take possession of the child, relators, asserting that they intend to appeal from the judgment, moved for a trial court order suspending the judgment until rendition of judgment on appeal. The basis given for the motion was that the enforcement of the judgment was not in the child's best interest, serving only to harm his emotional well-being by probably aggravating the emotional problems he suffers. The predicted harm and aggravation were credited, simplistically, to a troubled relationship the child has with his mother as shown by reference to selected testimony heard by the court and by affidavits executed thereafter. The trial court denied the motion to suspend judgment.

In petitioning us to suspend the judgment, relators have submitted the same evidential matters presented to the trial court, except for one current affidavit executed by a psychologist who testified during the conservatorship hearings. By the affidavit, the psychologist adds to his trial testimony of a stressful relationship between the child and mother by recounting particulars of a recent visit with the child, and gives his opinion that the child's emotional stability and well-being is in imminent danger of suffering if he should be compelled to remain in respondent's custody and control.

It is provided that the judgment, being one affecting the parent-child relationship, is not suspended by an appeal unless suspension is ordered by the court rendering the judgment; however, "the appellate court, on a proper showing, may permit the judgment to be suspended." Tex.Fam. Code Ann. § 11.19(c) (Vernon 1975); Tex.R. Civ.Pro. 364(f). The authorization for suspension of the judgment by the rendering court, it has been held, vests in that court the exercise of discretion in determining whether the judgment should be suspended. *Hays v. Brandon*, 245 S.W.2d 381, 382 (Tex. Civ.App.—Ft. Worth 1951, no writ); *Harris v. Tucker*, 241 S.W.2d 304, 305 (Tex.Civ. App.—Waco 1951, no writ). By the authorization language, the same discretion may be exercised by the appellate court upon a

proper showing. Necessarily, then, the requirement of a proper showing obligates a relator to demonstrate that the trial court clearly abused its discretion in refusing to suspend its judgment on presentation of essentially the same matters offered to the appellate court. *Accord, Hays v. Brandon, supra.*

■ As noted, relators have submitted to us essentially the same matters presented to the trial court as justification for the exercise of our discretion to suspend the judgment which the trial court, in the exercise of the same discretion, refused to suspend. In this connection, relators principally predicate their petition for suspension on their assumption of a successful appeal; yet, insofar as the submission to us discloses, the materials offered to justify a suspension of the judgment, other than relators' selections of testimony heard by the trial court, formed no part of the evidential basis for the judgment and, therefore, cannot be considered in the appeal from that judgment. *Accord, Davis v. Huey,* 571 S.W.2d 859, 862 n.2 (Tex.1978); *Garcia v. Texas Emp. Ins. Ass'n,* 622 S.W.2d 626, 631 n.4 (Tex.App.—Amarillo 1981, writ ref'd n. r. e.).

■ Moreover, when the trial court refused to suspend the judgment, the court not only had before it all of the matters, save one, submitted to us, but also had the advantage of having observed the demeanor of the witnesses giving the testimony heard by the court before rendering the judgment it refused to suspend. Under all of the circumstances and in our view, there has not been "a proper showing" that the trial court so clearly abused its discretion as to justify our suspension of the judgment.

Accordingly, relators' petition for suspension of the trial court's judgment is denied.