NO. 07-99-0484-CV 

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 17, 2001

______________________________

KENNETH WILSON, SR. & LESA WILSON, INDIVIDUALLY 

AND AS NEXT FRIEND OF KENNETH WILSON, JR., APPELLANTS

V.

CARMEN LOTT AND MONTGOMERY COUNTY, APPELLEE

_________________________________

FROM THE 359TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 98-04-01337-CV; HONORABLE JIM KEESHAN, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Kenneth Wilson, Sr. and Lesa Wilson, individually and as next friend of Kenneth Wilson, Jr., (Wilsons) challenge the trial court’s judgment that they take nothing against  Carmen Lott and Montgomery County on their personal injury action.  By two issues, the Wilsons contend the trial court(1) erred in granting the separate motions for summary judgment of Carmen Lott and Montgomery County, and (2) abused its discretion in granting the summary judgments and denying their motion for new trial.  Based upon the rationale expressed herein, we affirm the judgment of the trial court.

On April 15, 1996, Kenneth Wilson, Jr., a minor, was struck by a car driven by  Lott as he crossed a controlled intersection on his bicycle without stopping.  Lott apparently had the right-of-way and a stop sign previously installed by Montgomery County facing Kenneth had been struck and was not properly erect at the time of the accident.  The Wilsons filed suit on April 14, 1998.  Montgomery County filed its traditional motion for summary judgment on June 3, 1999, and Lott filed her combination traditional and no-evidence motion for summary judgment on July 1, 1999.  A hearing on both motions was set for August 5, 1999; however, the Wilsons did not timely file any responses or objections to either motion.  At the hearing, the trial court denied the Wilsons’ motion for continuance filed on August 3, 1999, and granted the motions for summary judgment of Lott and Montgomery County. 

By their first issue, the Wilsons contend the trial court erred in granting summary judgment in favor of Lott and Montgomery County.  Presenting sub-issues (a) and (b), they assert that whether Lott was negligent is a question for the jury, and whether Montgomery County had actual notice of a defective traffic signal is also question for the jury.  We disagree. 

Sub-Issue (a) of Lott’s No-Evidence Motion

In considering Lott’s no-evidence motion for summary judgment, we look to Rule 166a(i) of the Texas Rules of Civil Procedure.  Where a motion is presented under Rule 166a(i) asserting there is no evidence of one or more essential elements of the non-movant's claims upon which the non-movant would have the burden of proof at trial, the movant does not bear the burden of establishing each element of its own claim or defense as under subparagraph (a) or (b) of Rule 166a.  Rather, although the non-moving party is not required to marshal its proof, it must present evidence that raises a genuine fact issue on the challenged elements.  Roth v. FFP Operating Partners, 994 S.W.2d 190, 195 (Tex.App.--Amarillo 1999, pet. denied); 
see
 Tex. R. Civ. P. 166a, Notes and Comments. 

Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict.  Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70 (Tex.App.--Austin 1998, no pet.).  Thus, our task as an appellate court is to ascertain whether the non-movant produced any evidence of probative force to raise a fact issue on the material questions presented.  
Id
.  We consider all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences.  Merrill Dow Pharmaceuticals v. Havner, 953 S.W.2d 706, 711 (Tex. 1997), 
cert. denied
, 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998).  A no-evidence summary judgment is improperly granted if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact.  
Fiesta Mart, Inc
., 979 S.W.2d at 70-71.  More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. 
 Havner, 
953 S.W.2d at 711.   

The elements of the Wilsons’ negligence action against Lott are: (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages proximately resulting from the breach.  Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990).  By her no-evidence motion, Lott contended there was no evidence showing that she breached any duty owed by her.  The Wilsons’ response to Lott’s motion for summary judgment was due to be filed seven days before the August 5 hearing.  Tex. R. Civ. P. 166a(c).  However, their failure to timely respond to Lott’s motion precludes any determination that the Wilsons produced more than a scintilla of probative evidence to raise a genuine issue of material fact to defeat Lott’s motion.  
Unlike a traditional motion for summary judgment, a no-evidence motion for summary judgment may be granted by the trial court for default.  
Fiesta Mart, Inc
., 979 S.W.2d at 71.
  Default for failure to respond to the opposing party’s motion presents no genuine issues of material fact.  
Id
.  The Wilsons were required to produce genuine issues of material fact on any element of negligence negated by Lott’s motion. 

Next we will consider Montgomery County’s traditional motion for summary judgment.  Unlike a no-evidence motion, an appellate court will not automatically affirm the granting of a summary judgment motion when the opposing party defaults by not filing a response.  City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979).

Sub-Issue (b) Montgomery County’s Traditional Motion

      In reviewing a traditional motion for summary judgment, we apply the standards established in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985): 

The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. 

In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. 

      3. Every reasonable inference must be indulged in favor of the non- movant and any doubts resolved in its favor. 

For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c).  A movant must either prove all essential elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or negate at least one essential element of the non-movant's cause of action.  Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995).

Because a traditional summary judgment by default is not proper, we must determine whether Montgomery County established its entitlement to summary judgment on the grounds expressly presented to the trial court.  City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979).  When a summary judgment motion does not specify the grounds relied on, the judgment will be affirmed on appeal if any of the grounds presented in the motion are meritorious.  Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). 

In order for the Wilsons to establish a negligence claim against Montgomery County,  they must show the claim falls under the Texas Tort Claims Act (the Act) or some other waiver of sovereign immunity.  Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001 - 101.109 (Vernon 1997 & Supp. 2001).  Under the doctrine of sovereign immunity, the State and its agencies are generally immune from suit unless the State, or in this instance, Montgomery County, gives consent to be sued.  Federal Sign v. Texas Southern University, 951 S.W.2d 401, 405 (Tex.1997).  Under the Act the State waives liability for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code Ann.  § 101.021 (Vernon 1997).  However, section 101.060(3) expressly exempts the county from liability for :

(3) the removal or destruction of a traffic or road sign, signal, or warning device by a third person unless the governmental unit fails to correct the removal or destruction within a reasonable time after actual notice.

In order to prevail notwithstanding this limitation on waiver of immunity, the Wilsons were required to respond with some summary judgment evidence creating a fact issue to demonstrate that Montgomery County had actual notice that the stop sign had been destroyed or damaged and had failed to repair it within a reasonable time.  Actual notice has been defined as "information concerning a fact actually communicated to or obtained by a city employee responsible for acting on the information so received or obtained."  City of Dallas v. Donovan, 768 S.W.2d 905, 908 (Tex.App.--Dallas 1989, no writ). 

As summary judgment evidence, Montgomery County provided affidavits of numerous county employees who worked in positions that would possess this kind of knowledge, information, or  notice.  Each employee stated that they had no actual notice of the damaged stop sign until two days after the accident and the Wilsons did not object to the affidavits on any grounds.  Tex. R. Civ. P. 166a(f).  Moreover, the Wilsons did not object to the summary judgment evidence of Montgomery County and further failed to present any summary judgment evidence creating a fact question that Montgomery County had actual notice as required by statute.  Accordingly, the Wilsons’ first issue is overruled. 

By their second issue, the Wilsons contend the trial court abused its discretion when it granted the motions for summary judgment of Lott and Montgomery County.  They commence the argument by subdividing their grounds as follows: the trial court abused its discretion in (a) granting summary judgments and (b) denying the Wilsons’ motion for new trial.  We disagree. 

In overruling the Wilsons’ first issue, we held the trial court did not err in granting the two motions for summary judgment.  By their argument, however, without stating specific reasons or references to the record, the Wilsons also contend the trial court abused its discretion when it denied their motion for extension of time to respond to the motions and refused to consider their tardy responses.  However, under this record, denial of leave to file or consider untimely responses to motions for summary judgment does not amount to an abuse of discretion.  Folkes v. Del Rio Bank and Trust Co., 747 S.W.2d 443, 444 (Tex.App.--San Antonio 1988, no writ).  Further, the grant or denial of a request for continuance is within the trial court’s sound discretion, and the denial of a motion for continuance will not be disturbed unless the record discloses a clear abuse of discretion.  Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986); 
see also
 Garcia v. Texas Emp. Ins. Ass’n, 622 S.W.2d 626, 630 (Tex.App.--Amarillo 1981, writ ref’d n.r.e.).

Motions for New Trial

After suit had been filed for 13 months, Montgomery County filed its motion for summary judgment on June 3, 1999, and Lott filed her motion on July 1, 1999.  Absent permission of the court, Rule 166a(c) provides that a motion for summary judgment must be served on the non-movant at least 21 days before the time set for hearing and that any response or summary judgment evidence by the non-movant shall be filed not later than seven days before the hearing.  Here, based upon filing dates, the Wilsons had 55 days to respond to the motion of Montgomery County and 27 days to respond to the motion of Lott.  The Wilsons do not reference the record showing that they made a diligent effort to secure a resetting or postponement of the hearing based on good cause, (
i.e.
 illness, trial schedules, or that their failure to timely file the responses was not caused by a lack of diligence on their part).  Denial of a motion for leave to file late responses to the motions for summary judgment is within the sound discretion of the trial court, and its ruling will not be disturbed unless the record shows a clear abuse of discretion.  White v. Independence Bank, N.A., 794 S.W.2d 895, 900 (Tex.App.--Houston [1st Dist.] 1990, writ denied).  

Because a motion for new trial is addressed to the trial court’s discretion, on appeal the ruling of the trial court will not be disturbed absent a showing of abuse of discretion. Cliff v. Huggins, 724 S.W.2d 778, 779 (Tex. 1987).  A determination of abuse of discretion requires that an appellate court decide whether the trial court acted without reference to any guiding rules or principles; in other words whether the act was arbitrary or unreasonable.  Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990).  Concluding that the Wilsons have failed to demonstrate an abuse of discretion, issue two is overruled. 

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

         Justice

Do not publish.