**Motion Granted; Abatement Order filed December 2, 2011.**



In The

# Fourteenth Court of Appeals

_____

### NO. 14-11-00989-CV
_____

### ROBERTO HINOJOSA, Appellant

### V.

### BRITTANY HINOJOSA, Appellee

**On Appeal from the County Court No. 3**
**Galveston County, Texas**
**Trial Court Cause No. 10-FD-3116**

## ABATEMENT ORDER

Appellant brings this appeal from a suit affecting the parent-child relationship. On November 29, 2011, appellant asked this court to suspend enforcement of the judgment affecting conservatorship or custody.

Section 109.002(c) of the Texas Family Code and Texas Rule of Appellate Procedure 24.2(a)(4) permit suspension of enforcement of a judgment involving conservatorship or custody only if ordered by the trial court. The appellate court reviewing the trial court's decision, however, may order suspension, with or without security, "upon proper showing."

Tex. R. App. P. 24.2(a)(4).   Proper showing requires the movant "to demonstrate that the trial court clearly abused its discretion in refusing to suspend its judgment on presentation of essentially the same matters offered to the appellate court."   *McGee v. Ponthieu*, 634 S.W.2d 780 (Tex. App.—Amarillo 1982, no writ).   The appellate court cannot consider any evidence not previously presented to the trial court for its determination on the issue of judgment suspension.

We abate this appeal to permit appellant an opportunity to request suspension of enforcement of the judgment from the trial court.   The trial court's findings on appellant's motion shall be included in a supplemental record to be filed with this court on or before January 3, 2012.

The appeal is abated, treated as a closed case, and removed from this Court's active docket.   The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court.   The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion.   It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order.   If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

It is so ORDERED.


PER CURIAM