**Motion Denied; Order filed February 14, 2012.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-11-00989-CV

———————

**ROBERTO HINOJOSA, Appellant**

**V.**

**BRITTANY HINOJOSA, Appellee**

**On Appeal from County Court No. 3
Galveston County, Texas
Trial Court Cause No. 10-FD-3116**

## ORDER

Appellant filed a motion with this court seeking reinstatement of his appeal, and suspension of the trial court's order in this suit affecting parent-child relationship.

On August 30, 2011, the trial court signed a final judgment in this suit affecting the parent-child relationship. In the judgment, the trial court appointed appellant and appellee as joint managing conservators of the parties' two children. On November 29, 2011, appellant filed a motion seeking to suspend enforcement of the judgment naming the parties as joint managing conservators and permitting appellee visitation with the

children. Appellant contended that suspension was necessary because appellee had not spent time with the children since 2004, and the children were afraid to see their mother because they did not know her.

Pursuant to section 109.002(a) of the Texas Family Code and Texas Rule of Appellate Procedure 24.2(a)(4), this court abated the appeal to permit appellant the opportunity to request suspension of enforcement from the trial court. On December 20, 2011, the trial court held a hearing on appellant's motion. On December 30, 2011, the court reporter's record of the hearing was filed in this court. On January 10, 2012, a supplemental clerk's record containing the trial court's findings of fact and conclusions of law was filed. After hearing evidence on appellant's motion, the trial court found:

1. On August 30, 2011, this Court entered Final Order in Suit Affecting Parent Child Relationship.

2. In the Court's prior Findings of Fact, this Court found that "Petitioner [appellant] is guilty of cruel treatment toward Respondent [appellee] of a nature that renders further living together insupportable. Petitioner's cruel treatment was a factor in Respondent residing in Kentucky."

3. That Order rightfully appointed the parents Joint Managing Conservators over their children. *In re J.C.*, 346 SW 3d 189, 193 (Tex App— Houston [14th Dist ], 2011 no pet).

4. No credible evidence was produced showing that appointment of Brittany Hinojosa, mother, as a managing conservator would "significantly impair the children's physical health or emotional development."

5. On November 15, 2011, this Court properly denied Petitioner's Motion for Temporary Orders pending appeal.

6. It is the public policy of this State to "encourage frequent contact between a child and each parent for periods of possession that optimize the development of a close and continuing relationship between each parent and child." *See* TEX. FAM. CODE § 153.251. To achieve this end, the Legislature established a rebuttable presumption that a standard possession order provides the reasonable minimum possession of a child for a parent named as a joint managing conservator, and such order is in the best interest of the child. *See id.* at § 153.252.

2

7.     Based on all evidence properly before the Court, the credibility of the witnesses, and the best interest of the children, the Court rightfully ordered a possession schedule for mother that is consistent with a standard possession order.

8.     Petitioner's and his counsel's *misrepresentations* to the mother to prevent her access to the children, and to obstruct her court ordered visitations is disturbing, unethical, and sanctionable. (emphasis in original)

At the hearing on appellant's motion to suspend enforcement, appellant testified the he filed the motion to suspend enforcement asking that appellee have only supervised access to her children.  Appellant argued that supervised visitation was necessary for the health and safety of the children.  At the conclusion of the hearing, the trial court noted that it had previously denied appellant's motion to enforce, and that the evidence introduced at the hearing did not raise any new issues other than those originally tried in the divorce proceeding.

A judgment affecting the parent-child relationship is not suspended by an appeal unless suspension is ordered by the court rendering the judgment; however, "the appellate court, on a proper showing, may permit the judgment to be suspended." Tex. Fam. Code Ann. § 109.002(c); Tex. R. App. P. 24.2(a)(4).  The authorization for suspension of the judgment by the rendering court vests in that court the exercise of discretion in determining whether the judgment should be suspended.  *McGee v. Ponthieu*, 634 S.W.2d 780 (Tex. App.—Amarillo 1982, no writ).  The same discretion may be exercised by the appellate court upon a proper showing.  The requirement of a proper showing obligates appellant to demonstrate that the trial court clearly abused its discretion in refusing to suspend its judgment on presentation of essentially the same matters offered to the appellate court.  *Id.*

The record of the hearing reflects that appellant raised no new evidence seeking enforcement other than what was presented to the trial court during the divorce proceeding.  Appellant has not made "a proper showing" that the trial court so clearly abused its discretion as to justify our suspension of the judgment.

The appeal is reinstated; appellant's motion for suspension of enforcement of the judgment is denied.  Appellant's brief is due 30 days from the date of this order.

PER CURIAM

Panel consists of Justices Seymore, Boyce, and Jamison.