

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00092-CV

MASHDANDA KIRK, 1 HCS COMMUNITY HOMES AND SERVICES, LLC, AND 3203
VICTORY DR., MARSHALL, TEXAS, IN REM, Appellants

V.

CITY OF MARSHALL, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 23-0539

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

This is an appeal from a final judgment in Harrison County dated October 5, 2023, which orders Mashanda[1] Kirk and 1 HCS Community Homes and Services, LLC,[2] to pay $4,000.00 as well as the costs of court in the amount of $421.58. On appeal, Kirk raises three points of error: (1) the trial court improperly refused to honor her demand for a jury trial, (2) the trial court improperly denied her motion for continuance, and (3) the "Trial Court's *Judgment* is not consistent with the evidence presented and the relevant statutes and caselaw." Upon review, we affirm the trial court's judgment.

## I.    Factual Background

On November 15, 2021, Daniel Sutton, the chief building inspector for the City of Marshall, met with Kirk to discuss her construction at 3203 Victory Drive in Marshall, Texas. Kirk owned HCS, and HCS was the title holder to 3203 Victory Drive. The building at that location "had been gutted," and Sutton "spoke with Ms. Kirk and told her that [they] needed to get the proper permits and she need[ed] licensed people to do the work." At that time, Kirk complied and "got the proper permits to do the rough-in wiring and plumbing." The construction proceeded without incident. Approximately one year later, in November 2022, Sutton observed that internal electrical fixtures had been installed, which were more extensive than the "rough-in"

---

[1]There are two spellings of Kirk's name in the record: "Mashdanda" and "Mashanda." This appeal was filed with the name "Mashdanda." Based upon her testimony at the hearing in this matter, it appears the correct spelling is "Mashanda," which we will use in this opinion.

[2]There are three appellants in this case: Mashanda Kirk, 1 HCS Community Homes and Services, LLC, and 3203 Victory Dr., Marshall, Texas, in rem. Because Kirk owns 1 HCS Community Homes and Services, LLC, and 1 HCS Community Homes and Services, LLC, owns 3203 Victory Drive Marshall, Texas, for ease of reference and clarity, we will refer to all three appellants as Kirk.

and were not permitted, indicating "there had been work being done without the permit holder doing it."

As a result, Sutton issued a stop work order on November 3, 2022, and Sutton posted the order at 3203 Victory Drive. The "STOP WORK ORDER" included the address of 3203 Victory and provided as follows: "ALL WORK MUST STOP IMMEDIATELY. DO NOT REMOVE THIS ORDER. CONTACT THE CITY OF MARSHALL INSPECTORS OFFICE BEFORE WORK MAY CONTINUE." Under the comments, Sutton also wrote the following: "Electrical work not being Performed by Electrical Permit holder."

At some point after Sutton posted the first stop work order, he drove by 3203 Victory Drive and saw that the stop work order had been removed. Sutton then issued a second stop work order on February 21, 2023. On the order, Sutton commented as follows: "Electrical permit required." Sutton also contacted Kirk directly on that date "to let her know if she continue[d] work [he] would have power disconnected to the property." Six days later, on February 27, 2023, Sutton contacted SWEPCO and directed them to disconnect the power to 3203 Victory Drive.

The next month, on March 23, 2023, Sutton issued a third stop work order. Under the notes, Sutton wrote the following: "No Plumbing or Electrical Permits." Someone removed the third stop work order, and Clark Atkins, a plumbing inspector for the City of Marshall, issued a fourth stop work order on May 18, 2023. Atkins also directed the crew that was currently working on the property at 3203 Victory Drive to leave the property.

3

On May 26, 2023, the City of Marshall sued Kirk for temporary and permanent injunctive relief and an award of civil penalties not to exceed $1,000.00 per day. The trial court set a trial date of August 28, 2023. Kirk filed a pro so answer in which she demanded a jury trial. There was no dispute, however, that she did not pay the jury fee. After the initial trial setting of August 28, 2023, the trial court ultimately changed the trial date to September 25, 2023. On August 10, 2023, the updated trial notice was sent to Kirk by eService at her registered email address.[3]

The day of trial, on September 25, 2023, Kirk, through her retained counsel, filed an unsworn motion for continuance. In the motion, Kirk's counsel represented she had been recently retained as counsel and needed additional time to prepare. The trial court considered the motion for continuance but denied it. On September 25, 2023, the trial court held a bench trial. After that bench trial, on October 5, 2023, the trial court entered a judgment in favor of the City of Marshall and awarded civil penalties of $4,000.00 and $421.58 in court costs against Kirk.

## II. Trial Court Did Not Abuse Its Discretion by Denying Kirk's Request for a Jury Trial

With the first point of error, Kirk claims the trial court erred in refusing her request for a jury trial. Kirk claims that, although she timely requested a jury trial, she was denied a jury trial. Kirk admits she did not pay the jury fee, but she argues her attempts at paying the fee were refused by the clerk's office. Kirk claims she presented "uncontroverted evidence" of her attempts to pay the required jury fee.

---

[3]During trial, the trial court asked Kirk's counsel if the email address for Kirk was correct, and Kirk's counsel did not dispute that it was the correct email address.

To be entitled to a jury trial, a party must (1) file a written request and (2) pay a fee of ten dollars. TEX. R. CIV. P. 216(a), (b). These two requirements must be met "thirty days in advance" of the trial setting. *Id.* A trial court has discretion to deny a jury trial if the jury fee payment is untimely made. *See, e.g.*, *Peeler v. Braziel*, No. 06-12-00045-CV, 2012 WL 3516487, at *2 (Tex. App.—Texarkana Aug. 16, 2012, no pet.) (mem. op.) (finding no abuse of discretion where the trial court denied a jury trial because the complaining party did not comply with Rule 216 of the Texas Rules of Civil Procedure); *see also Lynd v. Bass Pro Outdoor World, Inc.*, No. 05-12-00968-CV, 2014 WL 1010120, at *11 (Tex. App.—Dallas Mar. 12, 2014, pet. denied) (mem. op.).

Kirk admits she did not pay the jury fee, but she claims that failure was excused. Kirk claims she "attempted to pay the jury fee on multiple occasions"; but each time she attempted that payment, "the District Clerk refused to accept it." During her testimony at trial, Kirk testified that she called the clerk's office regarding the jury fee and that she was eventually told the fee was not required because the jury fee was included in the original filing fee.[4] The trial court found Kirk's testimony was not credible and denied Kirk's request for a jury trial. This decision was within the trial court's discretion. *See Womack v. Redden*, 846 S.W.2d 5, 7 (Tex.

---

[4]The relevant exchange is as follows:

> A  [(BY KIRK)] When I called to find out the Court date, this hearing date, I inquired about the hearing, the jury. The clerk, I guess it was in the judge's office, said, Well, you don't have a jury because you didn't pay a jury duty fee when I called --
>
> Q  [(BY KIRK'S ATTORNEY)] So what . . . did you do to try to fix that?
>
> A  I called back the following week, and I called, and . . . they said, You don't owe a jury fee. Starting January 2023, the jury fees are put in when [counsel for the City of Marshall] -- he said -- they looked at my case. When [counsel for the City of Marshall] paid his fees to file the case, the jury duty fee is included in all cases.

5

App.—Texarkana 1992, writ denied) (per curiam) (recognizing as the trier of fact, the trial court judge "is the sole judge of the credibility of witnesses and the weight to be attached to their testimony"). Based upon the record before us and because Kirk failed to comply with Rule 216 without a credible excuse, we find that the trial court did not abuse its discretion by denying Kirk's request for a jury trial.

## III. Trial Court Did Not Abuse Its Discretion by Denying Kirk's Motion to Continue

Kirk claims the trial court erred in refusing her motion to continue the trial in her case. Based upon the record, the trial court set the case with a trial date of September 25, 2023. On August 10, 2023, Kirk received notice of the trial setting by eService at her registered email address. Despite receiving the notice, Kirk waited until the day of trial to request a continuance, stating she had hired new counsel. The motion was not accompanied by a supporting affidavit. After considering the motion, the trial court denied it and proceeded with a bench trial on September 25, 2023.

We find that the trial court did not abuse its discretion in denying Kirk's motion for continuance. Notably, a trial court's ruling on a motion for continuance is reviewed for a "clear abuse of discretion." *Pjetrovic v. Home Depot*, 411 S.W.3d 639, 644 (Tex. App.—Texarkana 2013, no pet.) (citing *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002)). Rule 251 of the Texas Rules of Civil Procedure provides that no "continuance be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." *See* TEX. R. CIV. P. 251.

Where a motion for continuance is not supported by an affidavit, "we presume that the trial court did not abuse its discretion in denying the motion." *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986) (citing *Garcia v. Tex. Emps.' Ins. Ass'n*, 622 S.W.2d 626, 630 (Tex. App.—Amarillo 1981, writ ref'd n.r.e.)). We have applied that presumption on multiple occasions and have found no abuse of discretion where a motion for continuance is not supported by an affidavit. *See, e.g.*, *In re A.R.*, No. 06-22-00065-CV, 2023 WL 1769269, at *14–15 (Tex. App.—Texarkana Feb. 6, 2023, no pet.) (mem. op). The requirements of Rule 251—and the corresponding presumption—also apply to pro se litigants. *See also Antolik v. Antolik*, No. 06-18-00096-CV, 2019 WL 2119646, at *5–6 (Tex. App.—Texarkana May 15, 2019, pet. denied) (mem. op.) (finding no abuse of discretion where the litigant was pro se and had not complied with the requirements of Rule 251).

Under the present facts, although Kirk was unrepresented until shortly before trial, Kirk was represented by counsel when the motion to continue was filed. The record also reflects that Kirk was given notice of the trial date through eService on August 10, 2023, well in advance of trial. Despite the fact Kirk was represented by counsel and had advance knowledge of the trial date, Kirk still did not comply with Rule 251. As a result, applying the standard in *Villegas*, we presume the trial court did not abuse its discretion in denying Kirk's motion to continue, and we overrule this issue.

## IV. Kirk Waived Her Third Point of Error

Kirk claims in her third point of error the following: "The Trial Court's Judgment Fails to Comport with the Evidence Presented and the Relevant Statutes and Caselaw." In briefing

this issue, although Kirk referenced parts of the record, Kirk provided no legal support for this argument, and she cited no caselaw.[5]

Under our rules, Kirk's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). The failure to adequately brief an issue results in a waiver of that issue. *In re E.R.C.*, 496 S.W.3d 270, 278 (Tex. App.—Texarkana 2016, pet. denied) (finding waiver where an issue was inadequately briefed). Furthermore, because "[w]e are not to construct an argument for a party," we must overrule a "blanket, conclusory argument." *Trimble v. Luminant Mining Co. LLC*, No. 06-15-00004-CV, 2016 WL 234483, at *3 (Tex. App.—Texarkana Jan. 20, 2016, no pet.) (mem. op.). Because Kirk did not adequately brief the third issue and provides no legal support for this argument, this issue is waived.

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:     May 22, 2024
Date Decided:       June 4, 2024

---

[5]In her reply brief, Kirk raises a new issue under this argument and cites caselaw regarding her liability in her individual capacity. While Kirk is certainly permitted to file a reply brief, that brief must address "any matter in the appellee's brief." TEX. R. APP. P. 38.3. Because this issue was not briefed in her opening brief, we will not consider it further.