**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Mary Frances LOPEZ,**
**Defendant-Appellant.**

No. 78–5511
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 24, 1979.

Rehearing and Rehearing En Banc
Denied Feb. 21, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Mark S. Smith, Lubbock, Tex., for defendant-appellant.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Shirley Baccus-Lobel, Roger McRoberts, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before CLARK, RONEY and GEE, Circuit Judges.

PER CURIAM:

Mary Frances Lopez was convicted of the intentional obstruction of correspondence in violation of 18 U.S.C. § 1702. During her trial, Lopez filed a motion to quash the petit jury panel, contending that the procedures by which jurors were selected impermissibly discriminated against Mexican-Americans. Lopez rested her claims of discrimination squarely on constitutional grounds; she did not contend that the pro-cedures used by the district court violated the Jury Section and Service Act of 1968, 28 U.S.C. §§ 1861–1874. Lopez contends that the district judge erroneously denied her motion. We affirm.

In order to establish a prima facie case of discrimination in the selection of jurors, a defendant must show (1) that the group allegedly discriminated against "is one that is a recognizable, distinct class singled out for different treatment under the laws, as written or as applied," (2) that the group is underrepresented on jury panels over a significant period of time, and (3) that the selection procedure is not racially neutral or is susceptible to being used as a tool of discrimination. *Castaneda v. Partida,* 430 U.S. 482, 494, 97 S.Ct. 1272, 1280, 51 L.Ed.2d 498, 510 (1977).

The district court in which Lopez was tried uses voter registration lists to select potential jurors, as expressly authorized by § 1863(b)(2). The defendant's claim of discrimination rested entirely on statistics showing that the percentage of Mexican-Americans selected for jury panels was less than the percentage of Mexican-Americans in the entire population for the district. The district judge concluded that this underrepresentation was due solely to the fact that fewer Mexican-Americans register to vote than do other groups within the community.

The evidence Lopez adduced to support her claim of discrimination failed to meet the third requirement set down in *Castaneda.* Lopez does not contend that the district court clerk discriminated against Mexican-Americans in making up the jury panels from the voting lists, nor does she contend that Mexican-Americans have been discriminated against in the voter registration process. *Castaneda* requires that a defendant show that the exclusion of a particular minority group from jury service is due

to some form of intentional discrimination; "an official act is not unconstitutional solely because it has a racially disproportionate impact." *Castaneda, supra,* 430 U.S. at 493, 97 S.Ct. at 1279, 51 L.Ed.2d at 509; *see Washington v. Davis,* 426 U.S. 229, 239, 96 S.Ct. 2040, 2047, 48 L.Ed.2d 597, 607 (1976). A prima facie case of discrimination cannot rest merely on statistics. The fact that an identifiable minority group votes in a proportion lower than the rest of the population and is therefore underrepresented on jury panels presents no constitutional issue. *United States v. Arlt,* 567 F.2d 1295, 1297 (5th Cir. 1978).

AFFIRMED.