**UNITED STATES of America, Plaintiff,**

v.

**David Michael BRUMMITT, Defendant.**

**No. EP–80–CR–100.**

United States District Court,
W. D. Texas,
El Paso Division.

Oct. 31, 1980.

---

Elizabeth Rogers, Asst. U. S. Atty., El Paso, Tex., for plaintiff.

Charles Louis Roberts, El Paso, Tex., for defendant.

### ORDER OVERRULING MOTION TO DISMISS

HUDSPETH, District Judge.

The Defendant in this case has moved to dismiss the indictment on grounds that the grand jury which indicted him and the petit jury panel from which his jury was chosen were selected through procedures which violate the Sixth Amendment to the Constitution and the Jury Selection and Service Act of 1968, 28 U.S.C. §§ 1861–1874. At a hearing on the motion, and later through supplementary affidavits, Defendant offered evidence that the Master List used by the District Clerk to select both grand and petit jurors consists of 11,892 names (taken from the list of voters registered for the 1976 general election); that 4,579 of those prospective jurors (or 38.5%) have Spanish surnames; that of the general population of El Paso County, based upon the 1970 census, 204,349 persons (or 58.1%) were identified as "persons of Spanish language or Spanish surname," and that, therefore, a disparity of 19.6% exists between the percentage of Mexican–Americans represented on the jury panel, and the percentage of Mexican–Americans residing in the community as a whole. Defendant contends that this disparity arises from the fact that the District Clerk obtains the names of prospective grand and petit jurors solely from the voter registration lists; that persons of Mexican–American descent register to vote in lesser numbers than persons of other ethnic groups, and that this results in an underrepresentation of Mexican–Americans on both grand and petit juries in this District. He therefore contends that the jury selection plan and the operation thereof violate both the Constitution and the statute, and the charges against him should be dismissed because of the illegal composition of the grand jury that indicted him.

## A. *The Constitutional Claim.*

 To establish unconstitutional discrimination in the selection of jurors, a defendant must show (1) that the group allegedly discriminated against "is one that is a recognizable, distinct class singled out for different treatment under the laws, as written or as applied," (2) that the group is underrepresented on jury panels over a significant period of time, and (3) that the selection procedure is not racially neutral or is susceptible of being used as a tool of discrimination. *Castaneda v. Partida*, 430 U.S. 482, 494, 97 S.Ct. 1272, 1280, 51 L.Ed.2d 498 (1977). In other words, the defendant must show some kind of purposeful discrimination against a given minority group, not just that the jury selection procedures utilized have resulted in underrepresentation of that group. *Castaneda v. Partida, supra,* 430 U.S. at 493, 97 S.Ct. at 1279.

In *United States v. Lopez,* 588 F.2d 450 (5th Cir. 1979), *cert. denied* 442 U.S. 947, 99 S.Ct. 2895, 61 L.Ed.2d 319 (1979), *reh. denied* 444 U.S. 888, 100 S.Ct. 188, 62 L.Ed.2d 122 (1979), an issue was presented identical to that involved in this case, and the decision of the Fifth Circuit is controlling. The District Clerk in the Northern District of Texas also selected potential jurors exclusively from the voter registration lists. Lopez presented evidence that the percentage of Mexican–Americans selected for jury panels was less than the percentage of Mexican–Americans residing in the district, for the reason that fewer Mexican–Americans register to vote than do other groups. There was no proof that the District Clerk discriminated against Mexican–Americans in choosing names from the voter registration lists, nor that Mexican–Americans were discriminated against in the process of registration or voting. The Fifth Circuit held that no constitutional issue was presented by the fact that one group votes in a proportion lower than the rest of the population, and, therefore, is underrepresented on jury panels. *Lopez, supra,* 588 F.2d at 452.

In the *Lopez* case, only constitutional grounds were relied upon by the defendant; she did not contend that the statute was violated by the procedures used. Therefore, it is necessary to consider the contention of the Defendant in the instant case that the jury plan as written and as applied fails to comply with the statute.

## B. *The Statutory Claim.*

 The Jury Selection and Service Act, 28 U.S.C. §§ 1861–1874, specifically authorizes the adoption of a jury plan calling for selection of potential jurors from the voter registration lists. 28 U.S.C. § 1863(b)(2). The statute goes on to provide that:

"The plan shall prescribe some other source or sources of names in addition to voter lists where necessary to foster the policy and protect the rights secured by sections 1861 and 1862 of this title." 28 U.S.C. § 1863(b)(2).

Among the "policies" and "rights" involved is the right of litigants to a jury selected at random from a fair cross section of the community, 18 U.S.C. § 1861, and the right of a citizen not to be excluded from jury service in a federal court because of national origin, 18 U.S.C. § 1862.

The Jury Plan in use in the Western District of Texas provides for random selection of grand and petit jurors from the voter registration lists exclusively. The question presented is whether this Plan fails to comply with the Act because it does not prescribe some other source or sources of names in addition to the voter lists.

Although the statute has been in effect more than twelve years, Defendant has cited no case, and none has been found, in which any federal court has held a jury plan to be defective under the statute because of failure to supplement a primary list. See *United States v. Gaona,* 445 F.Supp. 1237, 1240 (W.D.Tex.1978). The Jury Plan under attack in this case was adopted by the judges of the district and approved by the Judicial Council of the Fifth Circuit, as required by the Act. The burden is clearly upon the Defendant to show that the Plan does not comply with the statute.

Defendant attempts to carry his burden entirely through statistics. He has shown

that 58.1% of the gross population of El Paso County (which coincides with the El Paso Division of this District) have Spanish surnames, while only 38.5% of the master jury list (randomly chosen from the voter lists) consisted of Spanish surnames. Defendant argues that this constitutes a prima facie showing that the Jury Plan fails to result in a "fair cross section" as required by 28 U.S.C. § 1861. His argument, however, contains several fallacies.

One obvious fallacy is the assumption that members of the Mexican–American ethnic group necessarily have Spanish surnames. It has elsewhere been estimated that as many as 24% of Mexican–Americans have non–Spanish surnames. *United States v. Gaona, supra,* 445 F.Supp. at 1241. Therefore, the Master List used for selection of potential jurors may have a much higher percentage of members of this ethnic group than can be identified through sole reliance upon Spanish surnames.

■ An even more serious fallacy is that the raw data concerning gross population in El Paso County gives no consideration whatever to the other eligibility requirements for jury service found in 28 U.S.C. § 1865. In order to be eligible for jury service, a resident of the District and Division must also be:

1. A citizen of the United States.

2. Eighteen years of age.

3. Able to read, write, and understand English well enough to fill out the juror qualification form in a satisfactory manner.

4. Able to speak the English language.

5. A resident of the district for a period of one year. 18 U.S.C. § 1865(b).

Defendant has produced no evidence as to how many of the 204,349 Spanish–surnamed persons residing in the El Paso Division additionally meet the other criteria set forth in the statute. Such additional evidence is essential in this case, because of the probability that non–citizens comprise a significant number of the Spanish–surnamed residents of the Division. The "fair cross section" requirement of § 1861 means only a cross section of those individuals eligible to serve as jurors. *United States v. Gordon–Nikkor,* 518 F.2d 972, 976 (5th Cir. 1975); *United States v. McVean,* 436 F.2d 1120, 1122 (5th Cir. 1971), *cert. denied* 404 U.S. 822, 92 S.Ct. 45, 30 L.Ed.2d 50 (1971), *reh. denied* 404 U.S. 952, 92 S.Ct. 277, 30 L.Ed.2d 269 (1971). The Defendant has failed to carry his burden of showing a significant disparity between the numbers of Hispanic residents actually eligible for jury service, and those appearing on the Master Jury List.

Taken as a whole, the Defendant's proof identifies only one reason for the alleged underrepresentation of Hispanics, to wit: their failure to register to vote in the same proportions as other groups in the community. Defendant's expert, Dr. Julius Rivera, identifies culture, education (or lack thereof), employment, and income as factors in the relatively low voter registration of Hispanics. *Affidavit of Dr. Julius Rivera,* dated October 13, 1980. It is settled law in the Fifth Circuit, however, that the failure of an identifiable group to register and vote does not render invalid the selection of jurors from a voter registration list. *United States v. Lopez, supra; United States v. Arlt,* 567 F.2d 1295, 1297 (5th Cir. 1978), *cert. denied* 436 U.S. 911, 98 S.Ct. 2250, 56 L.Ed.2d 412 (1978); *United States v. James,* 528 F.2d 999, 1022 (5th Cir. 1976); *Camp v. United States,* 413 F.2d 419, 421 (5th Cir. 1969). The Defendant's motion to dismiss the indictment based upon failure to comply with the statute must be denied.

It might be noted in passing that Defendant has not suggested any specific supplemental source or sources which would be better calculated than the voter registration lists themselves to produce names of *eligible* jurors for the Master Jury List.

C. *Conclusion.*

In light of the foregoing, Defendant's motion to dismiss is without merit, and it should be denied.

It is therefore ORDERED that the Motion to Dismiss Indictment and to Stay Proceedings Pursuant to 28 U.S.C. §§ 1861 et

seq., and the Sixth Amendment to the United States Constitution be, and it is hereby, DENIED.