PER CURIAM.
Hernandez appeals from an adjudication and sentence for: (1) murder in the first degree for which he was sentenced to a term of life imprisonment with the requirement that the defendant serve a minimum of twenty-five years in prison without eligibility for parole; and (2) conspiracy to commit a felony for which he was adjudicated and sentenced to fifteen years imprisonment to run concurrently with the murder conviction. We affirm.
The defendant presents five points on appeal, three of which are deserving of consideration. Those three are as follows:
(1) that the grand jury which returned the indictment against the defendant was constitutionally defective because it was underrepresented by an identifiable group to which the defendant belonged;
(2) that the trial court violated the similar fact evidence rule as articulated in Williams v. State;[1] and
(3) that the defendant was entitled to discharge because of the state’s failure to accord him his right to a speedy trial pursuant to Florida Rule ' of Criminal Procedure 3.191.
*436 As to the first point, the defendant claims he demonstrated prima facie discrimination in the makeup of the grand jury which returned the indictment against him because there was an underrepresentation of “Latin Americans,” a group with which the defendant identified. Castaneda v. Partida, 430 U.S. 482, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977) sets forth the test to establish discrimination in the makeup of the grand jury. It was succinctly stated in United States v. Lopez, 588 F.2d 450 (5th Cir.), cert. denied, 442 U.S. 947, 99 S.Ct. 2895, 61 L.Ed.2d 319 (1979) that:
In order to establish a prima facie case of discrimination in the selection of jurors, a defendant must show (1) that the group allegedly discriminated against “is one that is a recognizable, distinct class singled out for different treatment under the laws, as written or as applied,” (2) that the group is underrepresented on jury panels over a significant period of time, and (3) that the selection procedure is not racially neutral or is susceptible to being used as a tool of discrimination.
588 F.2d at 451.
A prima facie case of discrimination in the selection of jurors cannot be established by estimates or rest merely upon statistics. United States v. Lopez, supra. We need not decide whether “Latin Americans” are a recognizable group under Castaneda v. Partida, supra, because the defendant: (a) has not made a showing that there has been a “singling out” under the first requirement; and (b) has completely failed to establish the latter two criteria. See also, Porter v. State, 160 So.2d 104 (Fla.), cert. denied, 379 U.S. 849, 85 S.Ct. 90, 13 L.Ed.2d 52 (1964). Moreover, defendant’s reliance on estimates to “establish” the scientific underpinning necessary to support a showing, made the analysis of the grand jury list nothing more than sheer speculation. Having failed to carry his burden to establish a prima facie case of discrimination, United States v. Turcotte, 558 F.2d 893 (8th Cir. 1977), the defendant’s first point on appeal must fail.
Turning to defendant’s second point, there are several arguable violations of the so-called Williams rule. However, there is only one such violation which was preserved for appellate review. It appears that the defendant was at large for some two years after the indictment had been returned against him. In the ensuing time, the defendant had been arrested by United States customs agents in Puerto Rico, for using a false name and making false statements, and had subsequently attempted to escape. Evidence of his attempted escape was presented at the trial and is the only alleged violation of the Williams rule which is preserved for review.
In Williams v. State, supra, Justice Thor-nal carefully stated that the “similar fact evidence rule,” definitively analyzed therein, was a positive test of admissibility based on relevance rather than a negative approach of non-admissibility, stating:
[E]vidence which has a reasonable tendency to establish the crime laid in the indictment is not inadmissible merely because it points to another crime. The question to be decided is not whether the evidence tends to point to another crime but rather whether it is relevant to the crime charged.

[E]vidence of any facts relevant to a material fact in issue except where the sole relevancy is character or propensity of the accused is admissible unless precluded by some specific exception or rule of exclusion.
110 So.2d at 663. In that regard, we find that the evidence of the defendant’s flight had some relevant bearing upon his guilt in the crime charged. In United States v. Ballard, 423 F.2d 127 (5th Cir. 1970) evidence of escape was also permitted to be introduced to show a consciousness of guilt on the part of the defendants. There, the court stated that there was:
no reason for departing from the universally accepted rule that evidence of flight is admissible to prove a consciousness of guilt. As stated in Wigmore, Evidence, § 276 (3d ed. 1940), “it is today universal *437 ly conceded that the fact of an accused’s flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself.”
428 F.2d at 133. Florida has long recognized that:
when a suspected person in any manner endeavors to escape, or evade a threatened prosecution by flight, concealment, resistance to a lawful arrest or other ex post facto indications of a desire to evade prosecution, such fact may be shown in evidence as one of a series of circumstances from which guilt may be inferred.
Carr v. State, 45 Fla. 11, 34 So. 892, 893 (1903); accord, Blackwell v. State, 79 Fla. 709, 86 So. 224 (1920).
Defendant’s reliance on Hooper v. State, 115 So.2d 769 (Fla.3d DCA 1959) and on Clark v. State, 378 So.2d 1315 (Fla.3d DCA 1980) is misplaced. In Hooper, “evidence concerning fifteen other crimes of arson committed over a five year period was not shown to be relevant to the crime charged.” In Clark, evidence of sixteen occasions on which defendant eluded the police was determined to be introduced solely for the purpose of showing the defendant was engaged in criminal conduct. Clark’s conviction was nonetheless affirmed under the harmless error doctrine. Again, we reiterate the test of the Williams rule is relevant. Consequently, the fact that evidence might tend to suggest the commission of other crimes or the propensity to commit other crimes does not alone require the exclusion of evidence if that evidence is relevant to support the conviction of the defendant for the crime charged. Therefore, introduction of the evidence concerning the defendant’s attempted escape from United States customs agents was proper and not in violation of the Williams rule.
Finally, concerning the defendant’s third point on appeal, the trial court was entirely correct in denying the defendant’s motion for discharge under the speedy trial rule because at the time the motion was presented the defendant was then still actively engaged in discovery. Rubiera v. Dade County ex rel. Benitez, 305 So.2d 161 (Fla.1974).
For the foregoing reasons, the defendant’s adjudication and sentence are affirmed.

. 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).