JORGENSON, Judge.
Adalberto Plasencia was convicted of manslaughter. He alleges as error the trial court permitting the state to introduce a certified copy of his conviction for the crime of escape. We agree with his contention and reverse.
Following his arrest Plasencia was taken to the City of Miami Police Department and placed in an interrogation room from which he subsequently escaped. Pla-sencia was recaptured some five hours later. Prior to trial in the case sub judice Plasen-cia pled guilty to the escape charge for which he was adjudicated guilty and sentenced to one year. In anticipation of a flight instruction the state advised the trial court that it intended to prove up the flight by way of a certified copy of the escape *1052 conviction. Plasencia concedes that evidence regarding his flight from police custody was proper, see Hernandez v. State, 397 So.2d 435 (Fla. 3d DCA 1981), but argues that the fact of his plea of guilty and subsequent felony conviction for the crime of escape was improperly placed before the jury.[1] The state’s reliance on Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), is misplaced. On these facts evidence of flight proper under Hernandez may not be proved by introduction of a certified copy of a conviction for escape. It is the fact of flight that tends to show a consciousness of guilt, Hernandez, 397 So.2d at 436, not the fact of a conviction for escape. The probative value of the conviction is substantially outweighed by the danger of unfair prejudice. See State v. Vazquez, 419 So.2d 1088 (Fla.1982); § 90.403, Fla.Stat. (1981).
The state’s alternative argument, that the admission of the conviction is harmless, is devoid of merit in light of its argument on opening and closing emphasizing the conviction.[2]
Plasencia also argues that the trial court erred in denying his motion to suppress a firearm. We find no error in that denial. The undisputed evidence before the trial court was that the defendant’s wife claimed ownership of the weapon and voluntarily delivered it to the police officers during the investigation. See Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).
Reversed and remanded for a new trial.

. We deem it significant that Plasencia did not testify at trial, thus neither section 90.608(l)(c), Florida Statutes (1981), nor section 90.610, Florida Statutes (1981), are implicated.

. On opening statement the prosecutor made the following remarks to the jury:
They put him back into custody, and they charge him with escape, an additional charge in addition to attempted murder. They bring him back to the police station.
We know about a month and a'half ago, six weeks ago, on July 13th, 1981, the defendant in this courthouse pled guilty. He pled guilty to the charge of escape, the escape from custody for the murder, and he was sentenced to one year. He was adjudicated a convicted felon.
And on closing statement the prosecutor reinforced the fact of the conviction with these remarks:
We know that on July 13, 1981, by a document filed in this court, Circuit Court of this circuit, Adalberto Plasencia, under Case No. 81-10239, the charge of escape, was convicted and sentenced for the charge of escape for that very same charge.
* * * * * *
We know, of course, the person who pled guilty — the proof is quite clear. The person who pled guilty — this defendant pled guilty to the escape from the City of Miami Police Department that night. He pled guilty on July 13 th.
He was fingerprinted, and those fingerprints appear on the document. That is how we ultimately know all these things. His set of fingerprints appear on this.
As a convicted felon, he had to put his prints down.