**Alvaro Luna HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–97–00503–CR.**

Court of Appeals of Texas, El Paso.

March 23, 2000.

Rehearing Overruled May 10, 2000.

Discretionary Review Refused Oct. 18, 2000.

Stanley G. Schneider, Schneider & McKinney, P.C., Houston, for Appellant.

Albert G. Valadez, Dist. Atty., Fort Stockton, for the State.

Before Panel No. 5 CHEW, PRESLAR, and HILL, JJ. (PRESLAR, J. and HILL, J., sitting by assignment).

## *O P I N I O N*

DAVID WELLINGTON CHEW, Justice.

This is an appeal from a conviction for aggravated assault of a peace officer. Alvaro Luna Hernandez was sentenced to 50 years' confinement in the Institutional Division of the Texas Department of Crimi-

nal Justice. He brings two appellate issues: (1) That the trial court erred in denying his pretrial motion to set aside the indictment because Mexican–Americans were systematically excluded and/or grossly underrepresented on grand juries in Brewster County, which Appellant argues that this exclusion and/or underrepresentation denied him equal protection and due process of the law under the United States and Texas Constitutions; and (2) that the trial court erred in denying Appellant's motion for a mistrial because a Brewster County Assistant District Attorney previously represented Appellant in this case. Appellant contends this conflict denied him due process of law and his Sixth Amendment right to counsel under the United States Constitution, and his right to due course of law under the Texas Constitution. We will affirm the conviction.

On September 9, 1996, Appellant was indicted on two counts of aggravated assault on a public servant. The indictment resulted from his attempts to avoid arrest while he was free on bail from his arrest for the offense of aggravated robbery. He had been arrested for that offense while on parole on June 22, 1996, but had bonded out of jail. On July 17, 1996, Appellant's bondsman applied to the 394th District Court to be released from the surety. The request was granted, and an arrest warrant was issued for Appellant.[1]

At about 8:15 a.m. on July 18, 1996, Brewster County Sheriff, Jack McDaniel, was dispatched to a residence in Alpine where an officer was attempting to make service on Appellant. When Sheriff McDaniel arrived, he did not observe an officer at the residence, and told Appellant he was under arrest. When Sheriff McDaniel told Appellant he needed to handcuff him, Appellant seized the Sheriff's weapon, and pointed it toward the Sheriff's chest. Appellant allowed the Sheriff to leave in his patrol car. On July 21, 1996, officers received a tip that Appellant was at his mother's home in Alpine. With a number of officers at hand, Sheriff McDaniel spoke with Appellant's mother, but she denied that Appellant was in her home. As the officers retreated off the porch of her home, shots were fired from inside the house. Appellant surrendered approximately an hour later. He exited the home, threw two guns on the ground, and was then handcuffed and taken into custody.

In his first issue, Appellant argues that his pretrial motion to set aside the indictment should have been granted. Appellant presents four contentions to support this issue, all of which are premised on his assertion that Mexican–Americans are systematically excluded and/or grossly underrepresented on grand juries in Brewster County. He contends that this exclusion and/or underrepresentation violates his equal protection and due process rights under the United States Constitution, and his equal protection and due course of law rights under the Texas Constitution. In the argument section, however, he provides authority only for the contentions in regard to the United States Constitution. We will only address those grounds.

■■■■ Under the Equal Protection clause, to establish a prima facie case of discrimination in the selection of grand jurors, a defendant must show:

(1) the group is one that is a recognizable, distinct class, singled out for different treatment under the laws, as written or as applied;

(2) the degree of underrepresentation must be proved, by comparing the proportion of the group in the total population to the proportion called to serve as grand jurors, over a significant period of time; and

(3) a selection procedure that is susceptible of abuse or is not racially neutral

---

1. The record also indicates that a "blue warrant," an arrest warrant issued for a parole violation, had been issued on July 18, 1996.

supports the presumption of discrimination raised by the statistical showing. *Castaneda v. Partida*, 430 U.S. 482, 494, 97 S.Ct. 1272, 1280, 51 L.Ed.2d 498 (1977). Appellant has met the first prong of this test, in that Mexican–Americans with Spanish surnames [2] are a clearly identifiable class with a history of subjection to discriminatory treatment. *See Hernandez v. Texas*, 347 U.S. 475, 478–80, 74 S.Ct. 667, 670–71, 98 L.Ed. 866 (1954); *Flores v. State*, 783 S.W.2d 793, 795 (Tex.App.—El Paso 1990, no pet.). Appellant has also demonstrated the degree of underrepresentation with statistical evidence. Appellant has failed to meet his burden under the third prong, however, because prospective grand jurors in Brewster County are selected by a "jury wheel" system [3], which is not susceptible to abuse and is a racially neutral system.[4] An actual "jury wheel" has cards with the prospective jurors' names attached to it. Brewster County used this system for a year, from 1991 to 1992. Since 1992, the list of prospective grand jurors to be summoned has been generated by computer.

In a pretrial hearing, Deputy District Clerk Catherine Brown testified about the procedure in which grand juries are selected in Brewster County. Ms. Brown testified that she receives a list once a year from the Office of the Secretary of State. The list reflects names of registered voters and persons possessing Texas drivers' licenses who are residents of Brewster

**2.** This is the classification Appellant uses in his brief.

**3.** Appellant provided statistical information from 1986 to 1996. Prior to 1991, grand juries in Brewster County were selected under the "key man" system. Under this method of selection, a district judge appoints jury commissioners, who then compile a list of prospective jurors. This system, while not *per se* unconstitutional, is a system that is susceptible to abuse as applied. *See Carter v. Jury Comm'n of Greene County*, 396 U.S. 320, 332–37, 90 S.Ct. 518, 524–28, 24 L.Ed.2d 549 (1970); *Hernandez*, 347 U.S. at 479, 74 S.Ct. at 671; *Flores*, 783 S.W.2d at 795. Because the grand jury that indicted Appellant was chosen from the jury wheel system, we believe that it is the proper system upon which to base our analysis of this issue. During the September 11, 1996 hearing, Appellant told the judge he was requesting records spanning ten years because he believed he needed to make a showing of systematic exclusion over several years. This is correct, but we cannot discern a reason to take into account a system that has not been in use in Brewster County since 1990.

**4.** On March 3, 2000, Appellant filed a motion asking this Court to take judicial notice of the public reprimand of Judge Alex R. Gonzalez (Retired), 83rd Judicial District, by the State Commission on Judicial Conduct. Judge Gonzalez was publicly reprimanded for tampering with the grand jury system in Pecos County. Judge Gonzalez was responsible for empanelling grand juries in Pecos County. In March of 1996, Judge Gonzalez ordered the deputy district clerk to add an additional name, Mike Hill, to the randomly selected jury list. Mike Hill was a longtime friend of Judge Gonzalez. When the persons on the list, including Mike Hill, convened for jury duty, Judge Gonzalez read from the bottom of the list, appointing Hill to the Grand Jury and naming him as foreman. After Judge Gonzalez was notified by a prosecutor that his actions were not in conformance with the law, the judge requested a second grand jury venire from Pecos County's Jury Selection System. Judge Gonzalez was notified that the law did not allow two grand juries to be empaneled at the same time. He then reconvened the first grand jury, and appointed a qualified but unchosen member of the panel to replace Mike Hill. Judge Gonzalez never signed an order discharging Mike Hill from the grand jury, he did not discharge the first grand jury when he convened the second panel, and he failed to sign an order discharging the second panel when he reconvened the first panel. *See In re Gonzalez*, 68 D.P.R. 47, No. 9550, Public Reprimand (Tex.Comm'n on Judicial Conduct, December 17, 1999).

Mr. Hernandez has asked this Court to take judicial notice of the reprimand and conclude that the jury list system is susceptible to abuse. We grant Appellant's motion to take judicial notice of the Public Reprimand, but decline to hold that the jury list system is susceptible to abuse. Even a race-neutral, random system such as the one utilized by Brewster County in selecting grand jury panels can be manipulated by those who would break the law to achieve their own ends. The record before us does not reflect any impropriety in the system in Brewster County. Appellant admits this in his motion.

County. In order to choose a grand jury, up to 150 names are randomly selected and those persons are summoned to appear. As a deputy district clerk, Ms. Brown is allowed to excuse persons summoned only for certain reasons, such as if the person is more than sixty-five years of age or if he or she has children less than ten years. To be excused for other reasons, the prospective juror must appear before the district judge. The remaining prospective jurors appear before the district judge; those with other excuses or conflicts present them to the judge, and presumably some are excused. The next twelve people remaining are selected as grand jurors. Both Ms. Brown and the District Clerk, JoAnn Salgado, testified that they were unaware of any racial discrimination exercised by the district judge in the employment of this procedure.

■ We find no evidence, apart from the statistics that Appellant provided, that there has been systematic exclusion or gross underrepresentation of Mexican–Americans on Brewster County grand juries. Appellant's challenge cannot be based on statistics alone. *See United States v. Lopez,* 588 F.2d 450, 452 (5th. Cir.1979).

■ Appellant also contends that his due process rights under the Sixth and Fourteenth Amendments to the United States Constitution were violated because the grand jury selection process systematically excludes Mexican–Americans. We disagree. The Sixth Amendment requires that grand and petit juries be selected from a fair cross-section of the community. *See Taylor v. Louisiana,* 419 U.S. 522, 530, 95 S.Ct. 692, 697–98, 42 L.Ed.2d 690 (1975). To establish a prima facie case of discrimination, the defendant must satisfy essentially the same three-prong test used to establish a prima facie case of an equal protection violation. He must show:

(1) the group allegedly excluded is a "distinctive" group in the community;

(2) the group was not fairly represented on the jury panel from which the grand or petit jury was chosen; and

(3) the under representation resulted from a systematic exclusion of the group in the jury selection process.

*See Duren v. Missouri,* 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979); *Aldrich v. State,* 928 S.W.2d 558, 560 (Tex. Crim.App.1996). A criminal defendant need not be a member of the underrepresented group to have standing to raise the claim. *See Duren,* 439 U.S. at 359 n. 1, 99 S.Ct. at 666 n. 1. Here, Appellant's Sixth Amendment contention fails for the same reason his Equal Protection argument fails: he cannot show that underrepresentation resulted from a systematic exclusion of Mexican–Americans in the grand jury process. The system used in Brewster County is race-neutral.

■ The race-neutral selection system also defeats Appellant's Fourteenth Amendment Due Process claim. Due Process may be offended if the grand jury panel is selected in an arbitrary or discriminatory manner. *See Peters v. Kiff,* 407 U.S. 493, 502, 92 S.Ct. 2163, 2168, 33 L.Ed.2d 83 (1972). Appellant presents no evidence to show that the grand jury panel was selected in any other than a race-neutral manner. Appellant's first issue is overruled.

In his second issue, Appellant contends that the trial court erred in denying his motion for a mistrial because Assistant District Attorney Mimi Smith previously represented Appellant in this case. Appellant advances five contentions in support of this issue. He contends that he was denied due process of law in violation of the Fourteenth Amendment to the United States Constitution, that he was denied assistance of counsel in violation of the Sixth Amendment of the United States Constitution, that he was denied due course of law and assistance of counsel under the Texas Constitution, and that he was denied assistance of counsel in viola-

tion of Rule 1.09 of the Texas Disciplinary Rules of Professional Conduct.

Mimi Smith was employed by the Brewster County District Attorney's Office during Appellant's trial. Prior to the trial, she appeared as counsel for Appellant on November 14, 1996.[5] Appellant did not realize Ms. Smith had accepted employment with the District Attorney's office until his trial had already commenced. At that time, he made a motion for a mistrial based on the conflict. The trial judge denied the motion.

█ First, we note that the rules of Appellate Procedure specify the requisites of briefs. *See* Tex.R.App.P. 38.1. Rule 38.1(h) specifies that "[t]he brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex.R.App.P. 38.1(h). Here, Appellant has simply put forth the contentions that his rights have been violated, and with the exception of the Fourteenth Amendment Due Process claim, he has wholly failed to provide any reasoning that would allow this Court to find that his rights have been violated in such a manner that his conviction should be reversed. We will only consider his Fourteenth Amendment Due Process claim.

Second, both Appellant and the State have presented argument concerning the ability of a trial judge to disqualify a prosecutor, and have cited the cases of *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921 (Tex. Crim.App.1994) and *State ex rel. Eidson v. Edwards*, 793 S.W.2d 1 (Tex.Crim.App. 1990), which stand for the proposition that it is a violation of the Texas Constitution for a trial judge to disqualify a district attorney's office due to the prior representation, in the same case, of a criminal defendant by an assistant district attorney who was previously in private practice. *See Hill*, 887 S.W.2d at 927; *Eidson*, 793 S.W.2d at 4–5. Here, there was no motion

to disqualify the district attorney's office on the basis of prior representation, so while these cases are instructive, they do not control our decision in this case.

█ It is undisputed that it is a violation of the due process of law under the Fourteenth Amendment for an attorney to represent a criminal defendant, and then accept employment with the district attorney's office and personally prosecute the defendant. *See Eidson*, 793 S.W.2d at 6; *Ex parte Morgan*, 616 S.W.2d 625, 626 (Tex.Crim.App.1981); *Ex parte Spain*, 589 S.W.2d 132, 134 (Tex.Crim.App.1979). Those are not the facts in this case, however. There is no evidence that Ms. Smith had any participation in the case against Appellant. Albert Valadez, the District Attorney for Brewster County testified that he had hired Ms. Smith on February 1, 1997, and she reports to him. At the time she began employment with the district attorney's office, Ms. Smith was told by Mr. Valadez that because she had previously represented Appellant she "could not and would not participate in th[e] prosecution or in the pretrial preparations of th[e] case." Mr. Valadez further testified that Ms. Smith had not participated in the case, and had not spoken to him about anything she learned during the one hearing where she represented Appellant.

Appellant has not presented, and we cannot find, any authority to support the contention that his due process rights were violated because Ms. Smith, his former counsel, was employed by the same district attorney's office that prosecuted him in this case. Appellant presents authority that is relevant in civil cases, but none of that reasoning has been adopted in the criminal arena. Additionally, the Texas Disciplinary Rules of Professional Conduct allow for situations such as Ms. Smith's. *See* Tex.Disciplinary R. Prof'l Conduct 1.10(e)(1), *reprinted in* Tex.Gov't Code

---

5. Appellant concedes that Ms. Smith's representation of him was limited to this one hearing to disqualify Albert Valadez, Brewster County District Attorney, from prosecuting this case.

ANN. tit. 2, subtit. G app. A (Vernon 1998)(TEX.STATE BAR R. art. X, § 9). The comments to Rule 1.10 suggest, but do not require, that the government lawyer be screened off from the case in question. *See* TEX.DISCIPLINARY R. PROF'L CONDUCT 1.10 & cmt. 9. In all situations, the lawyer is required to comply with the confidentiality provisions of Rule 1.05. *See* TEX.DISCIPLINARY R. PROF'L CONDUCT 1.10 & cmt. 9. Because there exists no evidence to suggest that Appellant's due process rights were violated by Ms. Smith's later employment with the Brewster County District Attorney's Office, we overrule his Issue Two.

Having overruled all of Appellant's issues, we affirm the judgment of the trial court.